THE CONGREGATION OF THE MISSION OF ST. VINCENT
DE PAUL IN GERMANTOWN, RELATOR, v. THE STREET
AND SEWER COMMITTEE OF BORDENTOWN, DEFEND-
ANT.

A private relator may not, by *mandamus*, intervene between a municipal
council, empowered by its charter to build public sewers, and the com-
mittee directed by ordinance to execute the work of constructing a
particular sewer, when it appears that council has refused to make
any appropriation therefor and opposes the granting of the writ.
*Quære.* Whether, under *Read* v. *Atlantic City Water Works*, 21 *Vroom*
665, either council or its committee could incur any obligation for
which there existed no specific appropriation.

On *mandamus*.

Argued at February Term, 1893, before Justices VAN
SYCKEL and GARRISON.

For the relator, *Gilbert & Atkinson.*

For the defendant, *Samuel W. Beldon.*

The opinion of the court was delivered by

GARRISON, J. A *mandamus* is sought to compel "The
Street and Sewer Committee of the city of Bordentown" to
purchase materials and construct a brick sewer as commanded
in section 1 of an ordinance passed May 5th, 1891, by the
common council of the city of Bordentown.

The power to construct sewers in the city of Bordentown
is, by the charter of the city, vested in its common council.
*Pamph. L.* 1849, *p.* 35. In pursuance of the power thus
granted, city council on May 5th, 1891, passed an ordinance
directing the street and sewer committee, " after obtaining the
right of way from the owners of Bonaparte Park," to pur-
chase materials and construct the sewer in question. A grant
of the right of way was served on the chairman of the com-

mittee on November 30th, 1892, together with a demand from the relators that the committee proceed with the construction of the sewer. The testimony taken under the rule shows that the committee, after ascertaining the cost of the sewer, reported the same to city council, and that the city council has refused to make any appropriation therefor, and is now here by its solicitor opposing the allowance of this writ. Unless it can be shown that the street and water committee is a statutory body, owing a duty directly to the relators or to the general public, this application must fall, for the committee, as the case stands, is merely the instrument selected by the municipal powers to perform a duty resting solely with common council both as to the time and manner of its execution. In such case it is needless to say the relator cannot intervene as of right between the principal and its agent against the express will of the superior. The writ is, therefore, denied without considering the question argued before us, viz., whether in view of the decision of the Court of Errors, in *Read* v. *Atlantic City Water Works*, 21 *Vroom* 665, the street committee or even council itself could lawfully incur any obligation for which there existed no specific appropriation.